

**ATTORNEYS AT LAW**

405 Lexington Ave. | Floor 36
New York, NY 10174-3699
212.785.2577 | fax 212.785.5203
www.carltonfields.com

Atlanta
Hartford
Los Angeles
Miami
**New York**
New Jersey
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

**Benjamin Stoll**
Shareholder
P: 202.965.8160
F: 202.965.8104
E: BStoll@carltonfields.com

February 9, 2024

***Via ECF***

The Honorable Ramon E. Reyes, Jr.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Medvedev v. Binance Holdings Limited et al.*** **(No. 1:23-cv-07060-RER-SJB) Binance Holdings Limited's Letter Brief Regarding Lack of Federal Subject Matter Jurisdiction over This Dispute**

Dear Honorable Judge Reyes:

Pursuant to this Court's Order dated January 26, 2024, Binance Holdings Limited ("**BHL**") submits this letter explaining why this Court lacks subject matter jurisdiction over the above-captioned dispute.[1]

In his Complaint, Plaintiff pleads only one basis for federal subject matter jurisdiction: diversity under 28 U.S.C. § 1332. Compl. ¶ 10 (Dkt. 1). Nor do the factual allegations in the Complaint support any other basis for federal subject matter jurisdiction. For example, Plaintiff does not plead any federal question under 28 U.S.C. § 1331.

The Complaint does not allege the diversity required for jurisdiction under Section 1332. This dispute involves three parties. Plaintiff concedes he is a citizen of the Russian Federation and that he is not a permanent resident of the United States. Dkt. 16 (Rule 7.1 Disclosure Statement disclosing that Medvedev is citizen of Russian Federation); Dkt. 27 ¶ 16 (Rule 26(f) Report disclosing that Medvedev is not U.S. permanent resident). Plaintiff also concedes that

[1] In submitting this letter, BHL is not submitting to the jurisdiction of this Court and expressly wishes to preserve its argument that this Court does not have personal jurisdiction over BHL. BHL's understanding is that the Court agrees with the parties that it should resolve the question of subject matter jurisdiction before the Court and the parties address Defendants' other defenses, including that they are not subject to personal jurisdiction under Rule 12(b)(2), that this Court is an improper venue for this dispute under Rule 12(b)(3), that Plaintiff has failed to state a claim upon which relief can be granted under Rule 12(b)(6), and that Plaintiff is obligated to arbitrate his disputes with Defendants.

BHL is a Cayman Island corporation. Dkt. 1 ¶ 8. And BAM Trading Services Inc. ("**BAM**") was incorporated in Delaware and has its principal place of business in Florida. Dkt. 1 ¶ 7; Dkt. 19 (Rule 7.1 Corporate Disclosure Statement). Thus, Plaintiff and one Defendant are aliens while the other Defendant is a citizen of Florida and Delaware.

Because there are foreign citizens on both sides of this dispute, complete diversity does not exist. Complete diversity—meaning that every plaintiff is diverse from every defendant—is required for federal subject matter jurisdiction here under 28 U.S.C. § 1332(a). *Battaglia v. Shoreway Parkway Owner LLC,* 249 F. Supp. 3d 668, 670 (E.D.N.Y. 2017); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Plaintiff concedes that both he and BHL are foreign citizens, so there can be no diversity jurisdiction. Diversity jurisdiction does not exist where, as here, there is only an alien on one side of the dispute (Medvedev) and there is at least one alien on the other side of the dispute (BHL). *Suedrohrbau Saud Co., Ltd. v. Bazzi*, No. 21-2307-cv, 2023 WL 1807717, *2 (2d Cir. Feb. 8, 2023); *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 580–81 (2d Cir. 2002) (holding that diversity jurisdiction does not exist "where on one side are citizens and aliens and on the opposite side there are only aliens.").

Medvedev could not generate subject matter jurisdiction even if he pleaded that he was a permanent resident of the United States. *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126–27 (2d Cir. 2020) (holding that permanent resident is still an alien for purposes of diversity jurisdiction when suing another alien and that federal courts lack diversity jurisdiction over suits involving an alien plaintiff and an alien defendant).

Nor could Medvedev generate subject matter jurisdiction by alleging that BHL is an alter ego of BAM. Plaintiff does not currently plead this, nor could he because it is not true. But even if it were true, alter ego status simply <u>adds</u> citizenships to an entity; it does not remove them. In other words, alter ego status can only eliminate subject matter jurisdiction, not create it. *Grunblatt v. UnumProvident Corp.*, 270 F. Supp. 2d 347, (E.D.N.Y. 2003); *accord. Zadora-Gerlof v. Axa Nordstern Art Ins. Corp.*, 2002 WL 31324138, *1 (S.D.N.Y. Oct. 17, 2002). So even if Medvedev could establish (which he cannot) that BHL is an alter ego of BAM, that would simply make BHL a citizen of Cayman Islands, Florida, and Delaware. BHL would still be an alien, so there would still be aliens on both sides of this dispute, and complete diversity would still not exist.

In short, because Medvedev concedes that he is a citizen of Russia (Dkt. 16) and that BHL is a citizen of Cayman Islands (Compl. ¶ 8), there is no complete diversity, and this Court lacks subject matter jurisdiction. No amount of additional citizenships for any party can change this outcome. Plaintiff's current allegations affirmatively and expressly require this Court to dismiss this suit for lack of federal subject matter jurisdiction.

Plaintiff indicated in his prior letter brief that he should receive jurisdictional discovery. He should not. BHL is not making a "factual" attack on jurisdiction that would require factual findings by this Court. Instead, BHL is making a "facial" attack on jurisdiction, the lack of

which is clear from the face of the Complaint and Plaintiff's own allegations to date. *Duke v. Luxottica U.S. Holdings Corp.*, 2023 WL 6385389, *3–*5 (E.D.N.Y. Sept. 30, 2023); *United States ex rel. Hanks v. U.S. Oncology Specialty, LLP*, 336 F. Supp. 3d 90, 109 (E.D.N.Y. 2018). Under Plaintiff's own allegations, there is no federal subject matter jurisdiction here. Since no factual findings are required to resolve this dispute, there is no justification for discovery. As a result, this Court should not grant discovery and should instead dismiss this lawsuit outright.

Nor is there any reason for this particular Court, located in New York, to bend over backwards to give Plaintiff an opportunity to try to manufacture subject matter jurisdiction. New York has absolutely no connection at all to any aspect of this dispute. None of the parties are citizens of New York. None of the alleged harms occurred in New York. And none of the alleged conduct occurred in or was directed at New York. Indeed, there is not a single factual allegation in the Complaint that has anything to do with New York at all.

The existence of aliens on both sides of this dispute negates complete diversity, so this Court should dismiss this lawsuit for lack of federal subject matter jurisdiction.

Sincerely,

BENJAMIN M. STOLL