UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KIRILL MEDVEDEV,

                              Plaintiff,                    **REPORT AND**
                                                                 **RECOMMENDATION**
                -against-                                23-CV-7060-RER-SJB

BINANCE HOLDINGS LTD., BAM TRADING
SERVICES, INC.,

                              Defendants.
------------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

       The Court recommends that this case be dismissed without prejudice due to the absence of subject matter jurisdiction.

       Plaintiff's own letter resolves this subject matter jurisdiction issue. (Pl.'s Letter dated Feb. 9, 2024 ("Feb. 9 Letter"), Dkt. No. 29). His lawyer writes: "Plaintiff Kirill Medvedev is a citizen of the Russian Federation living in Florida. For the purposes of the diversity analysis, Plaintiff may be considered an alien. Defendant Binance Holdings Limited ("BHL" or "Binance") is a corporation organized under the laws of the Cayman Islands." (*Id.* at 1). BHL, by virtue of being incorporated in the Cayman Islands, is a foreign corporation and therefore, also an alien.

       The presence of aliens on both sides of the litigation means complete diversity is lacking, and there is no subject matter jurisdiction. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("[T]he fact that alien parties were present on both sides would destroy complete diversity."); *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[W]e do not have diversity jurisdiction over cases between aliens. More specifically, diversity is lacking . . . where the only parties are foreign entities, or where

on one side there are citizens and aliens and on the opposite side there are only aliens." (quotations omitted)).  Rule 11 sanctions are often appropriate for filing complaints where the absence of subject matter jurisdiction is plain.  *E.g., Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 389 (2d Cir. 1989) ("Subject matter jurisdiction is the *sine qua non* of the exercise of power by a federal court.  One purpose of Rule 11 of the Federal Rules of Civil Procedure is to prevent an attorney from haling a party into federal court without having performed, at the very least, a reasonable inquiry into the jurisdictional underpinning of the lawsuit.") (affirming sanctions for filing complaint on the basis of diversity jurisdiction where aliens were present on both sides of litigation).

None of the arguments made by Plaintiff have any merit.  He acknowledges that he is making a "unique" argument in this case.  (Feb. 9 Letter at 2).  But that is only a different way of saying that the argument is without merit.

Among his meritless contentions are that: (1) the Court should disregard Binance's Cayman Islands incorporation because it has a principal place of business elsewhere in the United States; (2) the nature of bitcoin and cryptocurrency warrant a different jurisdictional analysis; and (3) the presence of another defendant—BAM Trading Services Inc., which is an alter ego of Binance—is sufficient to confer jurisdiction.  (Feb. 9 Letter at 1–2).  None of these propositions are legally valid, as reflected in the absence of any case supporting these novel ideas.  Plaintiff is the master of the pleading.  He chose to name BHL as a defendant, and thereby destroyed any possibility of diversity jurisdiction.  He cannot now ignore BHL's presence by creating

his own bespoke rules to favor only him.[1]  This Court's subject matter jurisdiction is limited and non-existent.  The Court recommends granting BHL's motion to dismiss for want of subject matter jurisdiction and to dismiss the case without prejudice.  *Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015) ("Our precedent instructs that when a court dismisses for lack of subject-matter jurisdiction, that dismissal must be without prejudice.") (collecting cases).

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara*  August 8, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[1] Presumably Plaintiff sued BHL because of the need to have a financially responsible defendant in the case.  But having made that election, he cannot choose to ignore its diversity-destroying consequences.